**In re Richard R. THOMPSON, Kathleen M. Thompson, Debtors.**

**Bankruptcy No. 79–01979K.**

United States Bankruptcy Court, E. D. Pennsylvania.

June 23, 1980.

Jack K. Miller, Philadelphia, Pa., for debtors.

Margaret Graham, Philadelphia, Pa., standing trustee.

Robert N. Leather, Philadelphia, Pa., for creditor.

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

 Presently before the court is a challenge to the sufficiency of the service of a motion objecting to confirmation of a proposed Chapter 13 plan. The challenge is based on the uncontested fact that service of the objection to confirmation was made only on the attorney of record for the debtors, Richard R. and Kathleen M. Thompson, ("Thompsons") and not on the Thompsons themselves.

Counsel for creditor argued, inter alia, that Bankruptcy Rule 705, which permits service on the attorney of record rather than the parties themselves pursuant to Fed.R.Civ.P. 5, controls here rather than Bankruptcy Rule 704, but even if the service was defective, it was effective under Bankruptcy Rule 704(h).

Rule 5 of the Fed.R.Civ.P. which is made applicable to bankruptcy adversary proceedings by Bankruptcy Rule 705 clearly was designed to deal solely with pleadings and motions filed after proper service of the complaint was accomplished. See Advisory Committee's Note. Because the matter at bar is neither an adversary proceeding nor a motion in which a complaint has been properly served, Rule 705 is clearly not applicable.

 Rule 704(h) was designed to cure superficial errors or defects in the papers served and not to supply proper service of process where none was made and thus, is not applicable here.

The present matter is governed by Bankruptcy Rules 914 and 704. Rule 914 reads as follows:

In a contested matter in a bankruptcy case not otherwise governed by these rules, relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought. No responsive pleading is required under this rule unless the court orders an answer to a motion. The motion shall be served in the manner provided for service of a summons, complaint, and notice by Rule 704.

Because Rule 704 clearly requires service on both the bankrupt, i. e., the debtor, and counsel of record of the debtor, the court is satisfied that service in the present instance was and is defective and that Rule 704(h) cannot cure the defect. *See In re Bernarr MacFadden Foundation, Inc.*, 11 C.B.C. 29 (M.D.Fla.1976).

Accordingly, unless counsel for the creditor effectuates proper service of the objection on the Thompsons, the objection to the proposed Chapter 13 plan will be dismissed.

In order to expedite this matter and in fairness to the objecting party, counsel for the creditor will be allowed ten (10) days from the date of entry of this order to effectuate proper service.